IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY M. BURGOYNE III,<br><br>Plaintiff,<br><br>v.<br><br>KARL M. KRONENBERGER,<br><br>Defendant. | No. C -11-06376 EDL<br><br>**ORDER REGARDING ADMINISTRATIVE MOTIONS TO SEAL (DOCKET NUMBERS 144, 149, 159, 163, 165, 179, 183)** |

In connection with the parties' summary judgment briefing, the parties have filed numerous Administrative Motions to Seal various exhibits and portions of the summary judgment briefs referring to those exhibits. The Court has reviewed the parties' Administrative Motions and issues the following order.

In general, the parties' motions are overbroad and seek to seal some documents that are not sealable. See Civil L.R. 79-5. The Court has reviewed the documents sought to be sealed and provides the following examples of sealable and non-sealable documents. These examples are not exhaustive and are meant to assist the parties in narrowing the documents that should be sealed. Examples of documents that are sealable include the termination accounting (see, e.g. Quintana Decl. In Supp. of Mot. for Partial Summ. J. Ex. U), and the proposed payout calculation for Plaintiff (see, e.g., Burgoyne Decl. in Supp. of Mot. for Partial Summ. J. Ex. O). The list containing firm clients and how they became clients (see, e.g., Burgoyne Decl. in Supp. of Mot. for Partial Summ. J. at Ex. B) is partially sealable; only the client names or other identifying information, if any, may be redacted.

Examples of documents that are not sealable, in whole or in part, include the partnership agreement between Plaintiff and Defendant (see, e.g., Quintana Decl. In Supp. of Mot. for Partial

Summ. J. Ex. A), the 2008 accounting of the firm's advertising and marketing costs (see, e.g., Burgoyne Decl. in Supp. of Mot. for Partial Summ. J. Ex. A), and the email chain between Plaintiff and Defendant regarding potential changes in firm management (see, e.g., Burgoyne Decl. in Supp. of Mot. for Partial Summ. J. Ex. I). In addition, the Memorandum of Understanding between Defendant and Rosenfeld should be filed unsealed except that the dollar amounts and other specific numerical information relating to third party Rosenfeld's draw may be redacted to protect third party privacy, especially because the redacted information is not necessary to resolve the summary judgment motions.

With this guidance, the parties shall meet and confer and agree to withdraw the confidentiality designation of the non-sealable documents identified in this Order and similar documents. No later than June 21, 2013, the parties shall file one comprehensive, narrowly-tailored stipulated sealing request (with a proposed order) that encompasses all of the exhibits and briefs that are sealable or subject to redaction based on the Court's guidance in this Order. The Court notes that even documents that are sealable at the summary judgment stage may well not be sealable at trial.

**IT IS SO ORDERED.**

Dated: June 14, 2013

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

2